IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Mark Braken, Micah English, Mark Heerschap, Kelli Latham, Laken Mayer, Arthur Sattler, Barbie Therrell, Shawn Paulson, and David Wynne, all individually and on behalf of all other similarly situated individuals,<br><br>      Plaintiffs,<br><br>v.<br><br>Vital Care EMS, Inc.,<br><br>      Defendant. | Civil Action No.: 2:17-cv-3196-RMG<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

  Plaintiffs, Mark Braken, Micah English, Mark Heerschap, Kelli Latham, Laken Mayer, Arthur Sattler, Barbie Therrell , Shawn Paulson, and David Wynne, all individually and on behalf of all other similarly situated individuals, by way of their Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

### I. Nature of Claims

  1. This action is brought individually and as a collective action for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

  2. Plaintiffs also include other causes of action under South Carolina law, including breach of contract and violation of the South Carolina Payment of Wages Act, on an individual and class-wide basis. Those claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

### II. Parties, Jurisdiction, and Venue

  3. Plaintiff, Mark Braken, is a citizen and resident of Dorchester County, South Carolina.

  4. Plaintiff, Micah English, is a citizen and resident of Charleston County, South Carolina.

5. Plaintiff, Mark Heerschap, is a citizen and resident of Dorchester County, South Carolina.

6. Plaintiff, Kelli Latham, is a citizen and resident of Charleston County, South Carolina.

7. Plaintiff, Laken Mayer, is a citizen and resident of Dorchester County, South Carolina.

8. Plaintiff, Arthur Sattler, is a citizen and resident of Dorchester County, South Carolina.

9. Plaintiff, Barbie Therrell, is a citizen and resident of Berkeley County, South Carolina.

10. Plaintiff, Shawn Paulson, is a citizen and resident of Berkeley County, South Carolina.

11. Plaintiff, David Wynne, is a citizen and resident of Charleston County, South Carolina.

12. Defendant, Vital Care, LLC, Inc., is a private ambulance service that provides medical transport services to the citizens and residents of patients in the lowcountry of South Carolina.

13. Plaintiffs bring this action individually and as an opt-in, collective action pursuant to 29 D.S.C. § 216(b), on behalf of a class of all individuals employed by Defendant at any time within the three years prior to joining this lawsuit, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and a half times their regular hourly wage for any and all overtime hours, who were improperly denied pay for compensable rest or meal times, and who were required to work more time than was actually included in their compensable time.

14. Plaintiffs also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Defendant at any time within the three years prior to the commencement of this lawsuit who were not paid all of their lawful wages for hours worked as required by state and federal law.

15. Upon information and belief, this action satisfies the requirements of Rule 23 (a), Fed. R. Civ. P., as alleged in the following particulars:

a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

c. The claims of Plaintiffs, the representatives of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

d. Plaintiffs, the representatives of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

16. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

18. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is or was located within in this judicial district and division at the time Plaintiffs were employees of Defendant, and the unlawful labor practices giving rise to Plaintiffs' claims were committed in the Charleston Division of this Court.

### III. Facts

20. Plaintiffs were employed by Defendant as drivers, emergency medical technicians, or paramedics at various times in the three-year period preceding Defendant's closing its Summerville, SC station in January 2017.

21. At all times relevant to this Complaint, Plaintiffs and members of the Plaintiff class were non-exempt employees for purposes of the Fair Labor Standards Act.

22. During the relevant limitations period, Defendant did not use a timeclock to accurately measure the actual hours when Plaintiffs worked. Consequently, Plaintiffs regularly worked in excess of forty (40) hours per week, but they did not receive the correct regular or overtime pay as required by the FLSA.

23. At all times relevant hereto, Plaintiffs' pay was incorrect for a number of reasons, including:

   a. Defendant routinely paid Plaintiffs a pre-established amount of time for travel time, which often was incorrect in that it did not allow for such real contingencies as traffic delays at the end of the workday;

   b. Defendant deducted one hour from Plaintiffs' time for lunch, regardless of whether Plaintiffs actually took a one-hour break or not;

   c. Defendant did not pay Plaintiffs for the actual time they spent completing records and cleaning equipment at the end of the workday, among other irregularities that resulted in Plaintiffs not being paid the proper and accurate amount of regular and overtime compensation.

24. At all times relevant to this Complaint, Plaintiffs were good and faithful employees of Defendant and consistently performed all of the essential functions of their jobs in an acceptable and competent manner.

25. Plaintiffs and other members of the Plaintiff class expressed their concerns to Defendant about its problematic and inaccurate timekeeping and pay practices; however, Defendant failed and refused to correct the problem, all of which resulted in Plaintiffs being damaged.

### FOR A FIRST CAUSE OF ACTION
### (Fair Labor Standards Act-Failure to Pay Overtime Wages)
### (Individual and Collective Action)

26. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-24 as if restated herein verbatim.

27. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

28. Plaintiffs and the members of the Plaintiff class were employees of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

29. Defendant failed to pay Plaintiffs and the members of the Plaintiff class at the rate of one-and-one half times his or her regular rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

30. Defendant also failed to pay Plaintiffs and the members of the Plaintiff class

for all compensable time for which Plaintiffs provided work for the benefit of Defendant.

31. Plaintiffs and the members of the Plaintiff class are entitled to back wages at the rate of one-and-one half times the regular rate at which he or she was for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Plaintiffs and the members of the Plaintiff class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in calculating compensable time.

33. The failure of Defendant to compensate Plaintiffs for overtime work and for any "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

34. Plaintiffs and the members of the Plaintiff class are also entitled to liquidated damages equal for the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35. The work and pay records of Plaintiffs and the members of the Plaintiff class are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to make, keep, and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs request an order of this Court specifically requiring Defendant to preserve such records during the pendency of this action.

36. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## FORA SECOND CAUSE OF ACTION
### (South Carolina Payment of Wages Act)
### (Individual and Class Action)

37. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-35as if restated herein verbatim.

38. Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

39. Defendant employed Plaintiffs and the members of the Plaintiff class within the State of South Carolina.

40. Defendant owes Plaintiffs and the members of the Plaintiff class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendant, as promised to Plaintiffs and the members of the Plaintiff class and as required by law, including overtime pay required by the FLSA.

41. Defendant required Plaintiffs and the members of the Plaintiff class to work "off the clock," and did not pay them for all service rendered for the benefit of Defendant.

42. Defendant has failed to pay Plaintiffs and the members of the Plaintiff class all wages due, as required by Sections 41-10-40 and -50 of the Act.

43. In addition, Defendant improperly calculated the amounts owed to the Plaintiffs and the members of the Plaintiff class on their paychecks for improper purposes, upon false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the Act.

44. Defendant's failure to pay Plaintiffs and the members of the Plaintiff class all wages due is willful, without justification, and in violation of the duty set forth in applicable statutes.

45. Pursuant to Section 41-10-80(C) of the Act, Plaintiffs and the members of the Plaintiff class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendant, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential members of the collective action under the Fair Labor Standards Act;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA, and has deprived Plaintiffs and the members of the Plaintiff class of their rights to such compensation;

c. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiffs and the members of the Plaintiff class are entitled;

d. An award of monetary damages to Plaintiffs and the members of the Plaintiff class in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

e. An award of monetary damages to the Plaintiffs and the members of the Plaintiff class for breach of contract;

f. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

g. Pre-judgment interest;

h. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

i. Treble damages pursuant to the South Carolina Payment of Wages Act and/or FLSA;

j. Attorneys' fees and costs; and

k. Such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

s/ Michael J. Jordan
Michael J Jordan
Steinberg Law Firm, LLP
Federal I.D. Number:  10304
PO Box 1028
Goose Creek, SC 29445
(843) 572-0700
(843) 572-1871 – facsimile
mjordan@steinberglawifrm.com

s/ Amy L. Gaffney
Amy L. Gaffney
Gaffney Lewis & Edwards, LLC
Federal I.D. Number:  6316
3700 Forest Drive, Suite 400
Columbia, SC  29204
(803) 790-8838
(803) 790-8841—facsimile
agaffney@glelawfirm.com

November 27, 2017
Goose Creek, South Carolina.